United States District Court
Southern District of Texas
**ENTERED**
January 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AUSTIN D. BIRDOW | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00102 |
| | § | |
| JOSE CHAPA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Austin D. Birdow, appearing pro se and *in forma pauperis*, filed this prisoner civil rights action against Defendants Jose Chapa, R.N., Isaac Kwarteng, M.D., and The University of Texas Medical Branch (UTMB) pursuant to 42 U.S.C. § 1983. D.E. 1. He alleges Eighth Amendment and state law claims associated with his medical needs. Defendants filed a motion to dismiss based on various immunities from suit and the limitations of § 1983. D.E. 15. Plaintiff did not respond to the motion. United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R), recommending that the Court **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss. D.E. 16.

More specifically, the Magistrate Judge recommended dismissing the claim against UTMB because it is not a proper § 1983 Defendant. She recommended dismissing the claims against Nurse Chapa and Dr. Kwarteng in their official capacities based on Eleventh Amendment immunity. And she recommended denying Nurse Chapa's individual capacity

1

defense of qualified immunity without prejudice. Because the motion to dismiss did not address a deliberate indifference claim against Dr. Kwarteng, the Magistrate Judge performed an analysis pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), and recommended that the Court **RETAIN** an Eighth Amendment deliberate indifference claim against Dr. Kwarteng in his individual capacity. *Id.*

Pending before this Court is Dr. Kwarteng's objection to the M&R and Birdow's response to the objection. D.E. 18, 19. For the following reasons, the Court **OVERRULES** the objection and **ADOPTS** the Magistrate Judge's M&R.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Dr. Kwarteng objects to the portion of the M&R that liberally construed Birdow's complaint to raise an Eighth Amendment deliberate indifference claim against him. D.E. 18. He argues that because Birdow explicitly requested relief under the Eighth Amendment against Nurse Chapa and UTMB but did not explicitly suggest the same for Dr. Kwarteng, Birdow did not sufficiently allege a deliberate indifference claim against Dr. Kwarteng.

*Id.* at 2. Birdow responds, asking the Court to adopt the M&R and order Nurse Chapa and Dr. Kwarteng to answer these Eighth Amendment claims. D.E. 19, p. 3.

Rules for screening claims for legal theories are not as stringent as Dr. Kwarteng suggests. In fact, "many federal courts have held that a complaint is sufficient . . . [if] the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely are not appropriate."[1] Wright & Miller, Statement of the Claim—Theory of the Pleadings Doctrine, 5 Fed. Prac. & Proc. § 1219 (4th ed. 2021). As the Supreme Court explained in *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam), "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.*

The Court reviewed the factual allegations in Birdow's complaint and agrees with the Magistrate Judge that Birdow stated a claim of deliberate indifference against Dr. Kwarteng in his individual capacity. D.E. 16, pp. 12–13. The 2015 Prisoner's Civil Rights Complaint form asked Birdow to "[b]riefly describe the act(s) or omission(s) of [Dr. Kwarteng] which you claimed harmed you," to which Birdow stated Dr. Kwarteng's failure to physically examine him. D.E. 1, p. 3. While Birdow went on to associate that omission with Texas's tort of negligence, he also pled specific factual allegations supporting the

---

[1] "Claims that fall under Section 1915A(b)(1) are analyzed 'using the same standard applied under Federal Rule of Civil Procedure 12(b)(6).'" *Schwarzer v. Lumpkin*, No. 6:18-cv-00029, 2021 WL 4438143, at *3 (S.D. Tex. Sep. 28, 2021) (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020)).

plausibility of an Eighth Amendment claim against Dr. Kwarteng. D.E. 16, pp. 12–13; D.E. 1-1, p. 1.[2]

The Court **OVERRULES** the objection.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as the objection to the M&R, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which the objection was specifically directed, the Court **OVERRULES** the objection and **ADOPTS** the Magistrate Judge's findings and conclusions. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. D.E. 15.

The Court **ORDERS** that:

(1) Birdow's claims for money damages against Nurse Chapa and Dr. Kwarteng in their official capacities are **DISMISSED** as barred by the Eleventh Amendment;

(2) Birdow's state law claim of negligence against Dr. Kwarteng in his individual capacity is **DISMISSED** because Dr. Kwarteng is entitled to immunity under the Texas Tort Claims Act;

(3) Birdow's claims against UTMB are **DISMISSED** because UTMB is not a "person" subject to claims under § 1983;

---

[2] Alternatively, the Court may construe Birdow's response containing the Eighth Amendment claim against Dr. Kwarteng as a motion for leave to amend, which the Court should grant freely as justice so requires. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). However, this is unnecessary as the Court construes the allegations as sufficient to raise a deliberate indifference claim.

(4) Nurse Chapa's defense of qualified immunity is **DENIED WITHOUT PREJUDICE** at this time and the Court **RETAINS** Birdow's deliberate indifference claim against Nurse Chapa in his individual capacity;

(5) Pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), the Court **RETAINS** Birdow's deliberate indifference claim against Dr. Kwarteng in his individual capacity.

ORDERED on January 28, 2022.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE